# PETITION UNDER 28 U.S.C § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: MIDDLE |
|---|---|

Name (under which you were convicted): ROBY LEE PEGRAM

Place of Confinement: MARION CORRECTIONAL INSTITUTION

Prisoner No.: 0317473

Petitioner (include the name under which you were convicted)

ROBY LEE PEGRAM v.

Respondent (authorized person having custody of Petitioner)

KEITH WHITENER

The Attorney General of the State of N.C

**FILED**
JAN 28 2015
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N.C.
By ___

## PETITION

1:15CV96

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
FORSYTH COUNTY CLERK OF SUPERIOR COURT

   (b) Criminal docket or case number (if you have) 00 CRS 52239 et al...
2. (a) Date of the judgment of conviction (if you have) 13 AUGUST 2001
   (b) Date of sentencing: 13 AUGUST 2001
3. Length of: 289-332 MONTHS
4. In this case, you were convicted on more than one count or more ☑ Yes ☐ No
5. Identify all crimes of which you were convicted and sentence
TAKING INDECENT LIBERTIES W/CHILD; SIMPLE ASSAULT; AND (5) FIVE COUNTS OF STATUTORY SEX OFFENSE WHICH ALL WAS CONSOLIDATED INTO (1) ONE CLASS B1 FELONY FOR JUDGMENT

6. (a) What was your plea? (Check one)
   ☐ (1) Not guilty          ☐ (3) Nolo contendere (No Contest)
   ☑ (2) Guilty              ☐ (4) Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or
   You plead guilty to and what did you plead not guilty to? ___

   (c) If you went to trial, what kind of trial did you have? (Check one)
   ☐ Jury          ☐ Judge Only
7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
   ☐ Yes          ☑ No
8. Did you appeal from the judgment of conviction?
   ☐ Yes          ☑ No
9. If you did appeal, answer the following:
   (a) Name of ___
   (b) Docket or case number (if you have) ___
   (c) Result: ___
   (d) Date or result (if you have) ___
   (e) Citation to the case (if you have) ___
   (f) Grounds ___

(g) Did you seek further review by a higher state ☐ Yes ☑ No
    If yes, answer the following:
    (1) Name of Court:
    (2) Docket or case number: (if you have)
    (3) Result:
    (4) Date of result: (if you have)
    (5) Citation to the case: (if you have)
    (6) Grounds raised:


(h) Did you file a petition for certiorari in the United States Supreme ☐ Yes ☑ No
    If yes, answer the following:
    (1) Docket or case number: (if you have)
    (2) Result:

    (3) Date of result: (if you have)
    (4) Citation to the case: (if you have)

10. Other than the direct appeals listed above, have you previously filed any other petitions, concerning this judgment of conviction in any state ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of Court: FORSYTH COUNTY CLERK OF SUPERIOR COURT
        (2) Docket or case number: (if you have) 00 CRS 52239 ct 21
        (3) Date of filing: (if you have) ON OR ABOUT THE 17 July 2014
        (4) Nature of the proceeding: MOTION FOR APPROPRIATE RELIEF
        (5) Grounds: JURISDICTION MATTER; DEFECTIVE INDICTMENTS; PLEA WAS NOT
        MADE KNOWINGLY; INTELLIGENTLY; AND VOLUNTARILY; INEFFECTIVE ASSIS-
        TANCE OF COUNSEL




        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
            ☐ Yes ☑ No
        (7) Result: DENIED
        (8) Date of result: (if you have) 12 NOVEMBER 2014
    (b) If you have filed any second petition, application, or motion, give the same information
        (1) Name of Court: NORTH CAROLINA COURT OF APPEALS
        (2) Docket or case number: (if you have) P14-968
        (3) Date of filing: (if you have) 8 December 2014
        (4) Nature of the proceeding: WRIT OF CERTIORARI
        (5) Grounds: SAME AS MAR WHICH IS ATTACHED)

_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application or motion?

☐ Yes   ☑ No

(7) Result: _DENIED_

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information

(1) Name of: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds: _____

_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your or motion?

(1) First:   ☑ Yes   ☐ No

(2) Second:  ☑ Yes   ☐ No

(3) Third:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts, supporting each ground.

        CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _JURISDICTION MATTER; DEFECTIVE INDICTMENT_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_PLEASE SEE ENCLOSED ATTACHED TO MAR EXHIBIT (A,C,E, G, I WHICH IS (5) FIVE DEFECTIVE INDICTMENTS WHICH CHARGES NO OFFENSE WHICH MAKES THIS PLEA UNAUTHORIZED AND STRIPS THE COURT SUBJECT MATTER JURISDICTION WHICH VIOLATES PETITIONERS U.S CONST AM 5, 8, AND 14th PLEASE SEE CLAIM I IN PETITIONERS MAR ATTACHED)_

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this: ☐ Yes ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes ☐ No

    (2) If you answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: *MOTION FOR APPROPRIATE RELIEF*

        Name and location of the court where the motion or petition was filed: *FORSYTH COUNTY CLERK OF SUPERIOR COURT*

        Docket or case number (if you know): *00 CRS 52239 et 21*

        Date of the court's decision: *12 NOV 2014*

        Result (attach a copy of the court's opinion or order, if available): *(COPY ATTACHED)*

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

    (4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed: *NC COURT OF APPEALS*

        Docket or case number (if you know): *P14-968*

        Date of the court's decision: *18 December 2014*

        Result (attach a copy of the court's opinion or order, if available): *(COPY ATTACHED) Denied*

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) Other remedies: Describe any other procedures (such as habeas corpus, administrative remedies, used to exhaust your state remedies on Ground One: _____

**GROUND TWO:** *DUE PROCESS, PLEA WAS NOT MADE KNOWINGLY, INTELLIGENTLY, VOLUNTARILY*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*DUE TO THE INDICTMENTS CHARGING ON OFFENSE SUPPORTED BY THE N.C. LAW MAKING THE INDICTMENTS DEFECTIVE VIOLATING DUE PROCESS AND WAS SURE THIS PLEA WAS NOT MADE KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY, CAUSE THE STATUTE ON THE INDICTMENT IS NO VIOLATION OF LAW THEREFORE THIS COURTS DID NOT HAVE SUBJECT MATTER JURISDICTION TO SENTENCE PETITIONER. THESE CLAIMS CAN BE FOUND IN PETITIONERS MAR CLAIM I & II ATTACHED VIOLATING PETITIONERS U.S. CONS. AM 5, 6, 8, AND 14th*

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

(c) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes ☐ No

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ☑ Yes   ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

      Type of motion or petition: _MOTION FOR APPROPRIATE RELIEF_

      Name and location of the court where the motion or petition was filed:

      _FORSYTH COUNTY CLERK OF SUPERIOR COURT_

      Docket or case number (if you know): _00 CRS 52239 et al_

      Date of the court's decision: _12 NOVEMBER 2014_

      Result (attach a copy of the court's opinion or order, if available): _(COPY ATTACHED)_

    (3) Did you receive a hearing on your motion or petition?   ☐ Yes ☑ No

    (4) Did you appeal from the denial of your motion or petition?   ☑ Yes ☐ No

    (5) If you answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed: _NC COURT OF APPEALS_

      Docket or case number (if you know): _P14-968_

      Result (attach a copy of the court's opinion or order, if available): _(COPY ATTACHED)_

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) Other remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

_____

_____

_____

**GROUND THREE:** _INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_DEFENDANT CONTENDS HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, DUE TO COUNSEL LET PETITIONER SIGN AN PLEA ON INDICTMENTS THAT DOES NOT CHARGE AN VIOLATION OF THE LAW OF N.C VIOLATING PETITIONERS U.S. CONS Am 6, 14th (SEE CLAIM III IN PETITIONERS MAR ATTACH ALSO EXHIBITS ATTACHED TO THE MAR ENCLOSED)._

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) Direct Appeal of Ground Three:

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: *MOTION FOR APPROPRIATE RELIEF*

    Name and location of the court where the motion or petition was filed:

    *FORSYTH COUNTY CLERK OF SUPERIOR COURT*

    Docket or case number (if you know): *00 CRS 52239 et Seq..*

    Date of the court's decision: *12 NOVEMBER 2014*

    Result (attach a copy of the court's opinion or order, if available): *(COPY ATTACHED)*

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

    (4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

    (5) If you answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: *NC COURT OF APPEALS*

    Docket or case number (if you know): *P14-968*

    Result ( attach a copy of the court's opinion or order, if available): *DENIED (COPY ATTACHED)*

    (7) If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e) Other remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

_____

_____

_____

_____

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

(b) If did not exhaust your state remedies on Ground Four, explain why:

_____

_____

(c) Direct Appeal of Ground Four:
      (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☐ No
      (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) Post- Conviction Proceedings:
      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
          ☐   Yes    ☐   No
      (2) If you answer to Question (d)(1) is "Yes," state:
          Type of motion or petition: _____
          Name and location of the court where the motion or petition was filed: _____

          _____

          Docket or case number (if you know): _____
          Date of the court's decision: _____
          Result (attach a copy of the court's opinion or order, if available): _____

          _____

      (3) Did you receive a hearing on your motion or petition?    ☐ Yes   ☐ No
      (4) Did you appeal from the denial of your motion or petition?    ☐ Yes   ☐ No
      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue?    ☐ Yes   ☐ No
      (6) If your answer to Question (d)(4) is "Yes," state:
          Name and location of the court where the appeal was filed: _____
          Docket or case number (if you know): _____
          Result (attach a copy of the court's opinion or order, if available): _____

          _____

      (7) If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

      _____

      _____

      _____

      _____

(e) Other remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

_____

_____

_____

13.     Please answer these additional questions about the petition you are filing:
      (a) Have all grounds for relief that you have raised in this petition been presented to the having
          ☑    Yes    ☐    No
      If you answer is "No," state which grounds have not been so presented and give your presenting them:

_____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal ground or grounds have not been presented, and state your reasons for not presenting them:

_____
_____
_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?:

☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of raised, the date of the court's decision, and the result for each petition, application, or motion of any court opinion or order, if available.

_____
_____
_____
_____
_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either the judgment you are challenging?

☐ Yes ☑ No

If "Yes." State the name and location of the court, the docket or case number, the type of raised.

_____
_____

16. Give the name and address, if you know, of each attorney who represented you in the following judgment you are challenging:

(a) At Preliminary Hearing: _____

(b) At Arraignment and Plea: _DAVID FREEDMAN_____

(c) At Trial: _____

(d) At Sentencing: _DAVID FREEDMAN_____

(e) On Appeal: _____

(f) In any Post-Conviction Proceeding(s): _____

(g) On Appeal from any ruling against you in a Post-Conviction proceeding: _____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

☐ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence in the future:

_____
_____
_____
_____

(b) Give the date the other sentence was imposed: _____
(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

☐     Yes     ☐     No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

_____

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run for the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date of which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The timing during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _RELIEF IN PETITIONER'S MAR ~~?~~ AT LEAST AN EVIDENTIARY HEARING WITH AN APPOINTED ATTORNEY TO REPRESENT PETITIONER OR DISMISS WITH PREJUDICE ALL CHARGES_

or any other relief to which petitioner may be entitled.

X _Roky La Pegram_
~~Signature of Attorney (if any)~~

_PETITIONER ACTING PRO SE_

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct and Writ of Habeas Corpus was placed in the prison mailing *1-15-2015* (month, date, year).

Executed (signed) *1-15-2015* (date).

x *Roby Lee Pegram*

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

STATE OF NORTH CAROLINA ) IN THE GENERAL COURT OF JUSTICE
COUNTY OF FORSYTH ) SUPERIOR COURT DIVISION
) 00CRS52239 *et al*

STATE OF NORTH CAROLINA )
)
v. )
) **ORDER**
)
ROBY LEE PEGRAM, )
Defendant )
)

---

THIS MATTER COMES ON TO BE HEARD by the Honorable Senior Resident Superior Court Judge of Forsyth County upon Defendant's Motion for Appropriate Relief; and the Court, after considering the Motion, makes the following findings:

1. That on 9 October 2000, Defendant was indicted for Taking Indecent Liberties with a Child, Simple Assault, and five counts of Statutory Sex Offense;

2. That on 13 August 2001, Defendant entered a plea of guilty to these offenses, which were all consolidated into one class B1 felony for judgment

3. That in the plea transcript signed by Defendant, his attorney, and the Honorable Superior Court Judge Clarence Carter and affirmed and subscribed before the Clerk of Superior Court, Defendant admitted under oath the following: that he was satisfied with his lawyer's legal services; that he was neither threatened nor coerced into entering the plea; that he did so of his own freely, voluntarily, and with a full understanding what he was doing; and that he was actually guilty of the offenses to which he was pleading guilty;

4. That prior to entering this plea, Defendant made no motions or otherwise challenged the constitutional validity of the plea;

5. That the presiding judge found that a factual basis existed for entry of the plea;

6. That, as a threshold matter, a "guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the plea negotiation proceeding." *Brady v. United States*, 397 U.S. 742 (1970); *State v. Reynolds*, 298 N.C. 380 (1979);

7. That, this threshold bar notwithstanding, Defendant has failed to state a cognizable claim for Ineffective Assistance of Counsel under *Strickland v. Washington*, 466 U.S. 668 (1984) and *State v. Braswell*, 312 N.C. 553 (1985), in that he has failed to establish that trial counsel's performance fell below an objective standard of reasonableness or resulted in actual prejudice to Defendant; in fact, trial counsel's efforts resulted in a sentence one-quarter as severe as it could have been;

8. That Defendant has also failed to establish that the indictments were fatally-defective or otherwise divested the trial court of its jurisdiction to hear the case;

9. That because the contentions in Defendant's Motion are barred by the validly-executed plea agreement and fail to articulate specific facts to warrant the relief sought, the Motion should be summarily denied without an evidentiary hearing.

*W Z W 11-12-14*



# North Carolina Court of Appeals

JOHN H. CONNELL, Clerk

Fax: (919) 831-3615
Web: http://www.nccourts.org

Court of Appeals Building
One West Morgan Street
Raleigh, NC 27601
(919) 831-3600

Mailing Address:
P. O. Box 2779
Raleigh, NC 27602

No. P14-968

STATE OF NORTH CAROLINA

V.

ROBY LEE PEGRAM,
DEFENDANT

From Forsyth
( 00CRS52239 )

## O R D E R

The following order was entered:

The petition filed in this cause on the 8th of December 2014 and designated 'Petition for A Writ of Certiorari' is denied.

By order of the Court this the 18th of December 2014.

The above order is therefore certified to the Clerk of the Superior Court, Forsyth County.

WITNESS my hand and the seal of the North Carolina Court of Appeals, this the 18th day of December 2014.

John H. Connell
Clerk, North Carolina Court of Appeals

Copy to:
Mr. Roby Lee Pegram, For Pegram, Roby Lee
Ms. Mary Carla Babb, Assistant Attorney General
Hon. Susan Frye, Clerk of Superior Court

ROBY L. PEGRAM
OPUS #: 0317493
PO BOX 2405
MARION, N.C. 28752

FILED

2014 JUL 25 PM 3:32

FORSYTH COUNTY C.S.C.

BY Susan Frye

HONORABLE COURT CLERK          RE: STATE V. ROBY L. PEGRAM
CLERK OF SUPERIOR COURT        FILE NOS.: 08CRS52239-43 et seq & All
COUNTY OF FORSYTH
PO BOX 20099
WINSTON-SALEM, N.C. 27120


DEAR CLERK:
        PLEASE FIND ENCLOSED DEFENDANTS MOTION FOR APPROPRIATE
RELIEF TO BE FILED IN THIS OFFICE.
        DEFENDANT IS KINDLY REQUESTING A RETURNED RECEIPT.
I HIGHLY APPRECIATE YOUR HELP AND PROMPT RESPONSE!


                                        SINCERELY,
                                        Roby L. Pegram
                                        ROBY L. PEGRAM

STATE OF North CAROLINA          IN THE GENERAL COURT OF JUSTICE
COUNTY OF FORSYTH               SUPERIOR COURT DIVISION
                                FILE Nos: 00CRS2239-43 et seq & All

STATE OF NORTH CAROLINA

V.                              "MOTION FOR APPROPRIATE RELIEF"

ROBY L. PEGRAM


        NOW COMES, ROBY L. PEGRAM, DEFENDANT PRO-SE IN THE
CLOSED CAPTIONED CASES MENTIONED HEREIN AND ABOVE, AND
RESPECTFULLY MOVES THIS HONORABLE COURT, PURSUANT TO
N.C.G.S. § 15A-1411 et seq..... FOR APPROPRIATE RELIEF FROM
DEFENDANTS CONVICTIONS AND SENTENCES.


        IN SUPPORT OF THIS MOTION, DEFENDANT SHOWS THIS
HONORABLE COURT THE FOLLOWING:


        "STATEMENT OF THE CASE"
   1) PRESIDING JUDGE: CLARENCE W. CARTER;
   2) COUNSEL FOR DEFENDANT: D. FREEDMAN;
   3) CONVICTION DATE: AUGUST 13, 2001;
   4) DEFENDANT PLED: GUILTY;
   5) OFFENSES: STATUTORY SEXUAL OFFENSE OF A PERSON 13, 14, 15;
   6) SENTENCES: 269 - 332 MONTHS.

THIS MOTION FOR APPROPRIATE RELIEF COMES WITHIN N.C.G.S. § 15A-1415:

1) DEFENDANTS CONVICTION WAS OBTAINED IN VIOLATION OF DUE PROCESS OF LAW, AND WITHOUT HAVING SUBJECT MATTER JURISDICTION OVER DEFENDANT [VIOLATING DEFENDANTS UNITED STATES CONSTITUTIONS AMENDMENTS 5th, 6th, 8th AND 14th AS WELL AS NORTH CAROLINA CONSTITUTIONS ARTICLE I SECTIONS 18, 19, 23];

2) DEFENDANTS CONVICTION WAS ALSO OBTAINED IN VIOLATION OF DUE PROCESS OF LAW, DUE TO DEFECTIVE INDICTMENTS ALSO [VIOLATING DEFENDANTS UNITED STATES CONSTITUTIONS AMENDMENTS 5th, AND 14th AS WELL AS NORTH CAROLINA CONSTITUTIONS ARTICLE I SECTIONS 18, 19, 23, AND 27];

3) DEFENDANTS CONVICTION WAS ALSO OBTAINED, DUE TO INEFFECTIVE OF COUNSEL, TO WIT: DAVID FREEDMAN [VIOLATING DEFENDANTS UNITED STATES CONSTITUTION AMENDMENT 6th AND AS WELL AS NORTH CAROLINA CONSTITUTIONS ARTICLE I SECTION 19, 21, 23];

4) DEFENDANTS PLEA MUST BE REMANDED BACK TO THE FORSYTH COUNTY SUPERIOR COURT FOR FURTHER REVIEW.

<u>DEFENDANT'S REQUEST FOR A LIBERAL</u>
<u>CONSTRUCTION BEYOND DOUBT STANDARD</u>

DEFENDANT MOVES THIS HONORABLE COURT WITHIN ITS DISCRETION FOR A LIBERAL CONSTRUCTION OF SAID MATTERS HEREIN.

DEFENDANT ASK FOR THE [BEYOND DOUBT STANDARD], DEFENDANT CONTENDS THAT [PRO-SE] LITIGANTS "ARE HELD" [LESS STRINGENT] THAN THOSE "DRAFTED" BY ATTORNEYS, BECAUSE THE DEFENDANT IS A [LAYMAN AT LAW], AND "DOES NOT" HAVE EVERY TOOL TO EVEN COME CLOSE TO [EQUAL] TERMS AS [PROFESSIONAL ATTORNEYS] OR [COUNSELORS AT LAW]. CRUZ V. BETO, 405 U.S. 519 (1972); HAINES V. KERNER, 404 U.S. 517 (1972); COOPER V. PATE, 378 U.S. 546 (1964).

DEFENDANT CONTENDS THAT THIS ALLEGATION, HOWEVER [INARTFULLY] PLEADED) IS [SUFFICIENT] TO CALL AN [OPPORTUNITY] TO OFFER SUPPORTING EVIDENCE UNLESS IT IS [BEYOND DOUBT] THAT DEFENDANT COULD [PROVE] NO SET OF FACTS ENTITLING DEFENDANT TO RELIEF; SEE: GORDON V. LACKE, 574 F2d 1147, 1151 (4TH CIR) MCNEIL V. U.S, 113 SCT 1980,1984, 1993;

THE COURT [STATED] IN HAINER V. KERNER, 404 U.S. 519 30 L.E.D. 2d. 652,92, S.C.T. 594 (1972) THAT: [PRO-SE] LITIGANTS ARE TO BE [HELD] WITH [LESS STRINGENT STANDARDS] AND TO BE [CONSTRUED LIBERAL] THAN [FORMAL PROCEEDINGS] "DRAFTED" BY [LAWYERS]; FURTHERMORE, IF COURTS CAN "REASONABLE READ PLEADINGS" TO STATE VALID CLAIMS IN WHICH [LITIGANTS] COULD PREVAIL; [IT SHOULD DO SO] DESPITE FAILURE TO CITE "LEGAL AUTHORITIES", "POOR SYNTHAX," AND SENTENCED CONSTRUCTION); OR "LITIGANTS UNFAMILIARITY" WITH PLEADINGS REQUIREMENTS:

DEFENDANTS CLAIM I

DEFENDANTS PLEA "MUST" BE [REMANDED] BACK
TO FORSYTH COUNTY SUPERIOR COURT, DUE TO
THE TRIAL COURT [LACKED JURISDICTION] OVER
DEFENDANTS "PLEA" OR "CASE" AT BAR WHEN THE
INDICTMENTS WAS AND IS DEFECTIVE.


DEFENDANT CONTENDS THAT AN [INDICTMENT] IS JURISDICTIONAL
AND IF ANY INDICTMENT HAS AN "ERROR" ITS REVERSIBLE.
AN [INVALID INDICTMENT] "STRIPS" THE COURT OF [SUBJECT
MATTER JURISDICTION].
THE DEFECT [CANNOT] BE "WAIVED" AND IS [FATAL TO ANY
JUDGEMENT ENTERED UPON A FLAWED INDICTMENT]
STATE V. ABRAHAM, 338, N.C. 315, 451 S.E. 2d 131 (1994); STATE
V. STURDIVANT, 304, N.C. 293, 307 08, 283 S.E. 2d 719, 729, (1981) CITING
NORTH CAROLINA CONSTITUTION ARTICLE I SECTION 22.
STATE V. SIMPSON, 302 N.C. 613 276 S.E. 2d 361 (1981) AND
STATE V. CRABTREE, 286, N.C. 541 212 S.E. 2d 103 (1975).
DEFENDANT [MAY NOT] BE "CONVICTED" OF ANY [OFFENSE] "NOT"
SUPPORTED BY AN [INDICTMENT] WHATEVER [EVIDENCE] AGAINST
HIM MAY BE. STATE V. PARTRIDGE, 157, N.C. APP. 508, 579 S.E. 2d 398 (2003).
DEFENDANT CONTENDS THAT PURSUANT TO N.C.G.S. § 15A-
955 (1) STATES THAT THE [COURT] UPON A MOTION BY A DEFENDANT
MAY [DISMISS] AN "INDICTMENT" IF IT DETERMINES THERE IS "GROUNDS"
FOR A [CHALLENGE] TO THE ASSAY.
DEFENDANT, NOW DRAWS THIS HONORABLE COURTS ATT-

## CLAIM I cont....

ENTION TO EXHIBITS A,C,E,G, AND I, WHICH IS DEFENDANTS DEFECTIVE INDICTMENTS, TO WIT: THE OFFENSE IN VIOLATION OF G.S. § 14-27.7(A)(1) ON INDICTMENTS [ARE NOT] SUPPORTED BY ANY STATUTE.

DEFENDANT NOW DRAWS THIS HONORABLE COURTS ATTENTION TO EXHIBITS B,D,F,H, AND J, WHICH IS DEFENDANTS JUDGEMENT AND COMMITMENTS WHICH HAS THE [CORRECT] OFFENSE IN VIOLATION OF G.S. § 14-27.7A(A), WHICH JUDGEMENT AND COMMITMENTS DOES NOT GIVE NO COURTS JURISDICTION WHEN INDICTMENTS ARE DEFECTIVE.

DEFENDANT CONTENDS THESE DEFECTIVE INDICTMENTS VIOLATES HIS U.S. CONSTITUTION AMENDMENTS 5th, 6th, 8th, AND 14th AS WELL AS N.C. CONSTITUTION ARTICLE I SECTIONS 18, 19, 23, AS WELL AS DUE PROCESS OF LAW.

DEFENDANT CONTENDS THE STATUTE § 14-27.7(A)(1) ON DEFENDANTS INDICTMENTS IS NOT SUPPORTED BY ANY STATUTE OF N.C. CRIMINAL LAW. HOWEVER, THERE IS [NO CRIME] UNLESS ITS [FORBIDDEN] BY A STATUTE. SEE: U.S. V. COTTON, 535 U.S. 625, 630 (2002); ALSO U.S. V GATEWOOD, 173 F.3d 983, 986 (6th CIR 1999); ALSO SEE: U.S. V. CLICK, 142 F.3d 520, 523 (2d CIR 1998).

DEFENDANTS PLEA MUST BE REMANDED BACK TO FORSYTH COUNTY FOR FURTHER REVIEW.

## DEFENDANTS CLAIM II

THE DUE PROCESS CLAUSE OF DEFENDANTS UNITED STATES CONSTITUTION AMENDMENT 14th AND AS WELL AS NORTH CAROLINA CONSTITUTION ARTICLE I SECTION 18, 19, 23, AND 27 THAT A PLEA OF GUILTY BE MADED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY, BECAUSE IT INVOLVES A WAIVER OF DEFENDANTS U.S. AND N.C CONSTITUTIONAL RIGHTS.

DEFENDANT CONTENDS HIS [U.S CONSTITUTION] AS WELL AS HIS [N.C CONSTITUTIONS] WAS VIOLATED, AS WELL AS [DUE PROCESS OF LAW,] AND THERE IS [NO WAY] DEFENDANTS PLEA COULD HAVE BEEN MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY TO AN INDICTMENTS WITH AN OFFENSE IN VIOLATION OF G.S § 14-27.7(a)(1) WHICH IS NOT SUPPORTED BY ANY STATUTE OF NORTH CAROLINA.

A DEFENDANT [MUST] BE ABLE TO UNDERSTAND THE [ELEMENTS] OF THE OFFENSE TO WHICH DEFENDANT IS PLEADING GUILTY, ALSO DEFENDANT MUST BE INFORMED OF THE [ELEMENTS OF THE OFFENSE] PRIOR TO OR DURING THE PLEA HEARING.

DEFENDANT CONTENDS HE [COULD NOT] UNDERSTAND THE ELEMENTS TO N.C.G.S § 14-27.7(a)(1) CAUSE ITS NOT SUPPORTED BY NO STATUTE, ALSO DEFENDANT CONTENDS HE [COULD NOT] BE "INFORMED" OF THE [ELEMENTS] OF THE OFFENSE OF § N.C.G.S § 14-27.7(a)(1) CAUSE ITS [NOT SUPPORTED] BY NO STATUTE.

DEFENDANT CONTENDS THIS PLEA SHOULD BE REMANDED BY TO FORSYTH COUNTY FOR FURTHER REVIEW. DEFENDANT REQUESTS

DEFENDANTS CLAIM III

DEFENDANTS CONSTITUTIONAL RIGHT TO EFFECTIVE
ASSISTANCE OF COUNSEL [WAS] VIOLATED WHICH IS
REQUIRED BY THE 6th AMENDMENT OF THE
UNITED STATES CONSTITUTION AND ALSO ARTICLE I
SECTION 19, 21, 23, OF THE NORTH CAROLINA CONSTITUTION.

A) A DENIAL TO DEFENDANTS [RIGHT] TO [EFFECTIVE ASSISTANCE
OF COUNSEL] IS A [CONSTITUTIONAL ERROR] AS WELL AS [PLAIN ERROR]
AS PROVIDED IN THE UNITED STATES CONSTITUTIONS 6th AND 14th
AMENDMENTS, ALSO SEE: STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984)
AND IS REVERSIBLE PER-SE.

THE NORTH CAROLINA COURTS HAVE "REPEADNLY" STATED THAT
[INEFFECTIVE ASSISTANCE OF COUNSEL] ARE ... NORMALLY MORE PROPERLY ...
AND MORE "APPROPRIATELY" RAISED IN A [POST CONVICTION PROCEEDING].
SEE: STATE V. MILANO, 256 S.E. 2d 154, 160 (NC 1970).

PURSUANT TO THE NORTH CAROLINA RULES OF COURT, RULE
1.2(A) AND B PROVIDES THAT:

B) THE PARAMOUNT OBLIGATIONS ... ARE TO PROVIDE "ZEALOUS"
AND "QUALITY" REPRESENTATION" TO THEIR [CLIENTS AT ALL STAGES] OF THE
CRIMINAL PROCESS, AND TO [PRESERVE, PROTECT AND PROMOTE THEIR CLIENTS]
RIGHTS, AND INTEREST THROUGHOUT THE CRIMINAL PROCESS ... SHOWING THAT
COUNSEL "WAS" PROFESSIONAL REPRESENTATIONS OF THEIR CLIENTS ... RULE 1.2(A).

DEFENDANT SHOWS THIS HONORABLE COURT HOW DEFENDANT DID
NOT RECIEVE [EFFECTIVE ASSISTANCE OF COUNSEL], WHEN COUNSEL, D. FREEDMAN
LET HIS CLIENT SIGN A PLEA FOR OFFENSES "NOT" SUPPORTED BY ANY

"Conclusion"

For the reasons and authorities discussed herein and above in the [interest of justice] pursuant to Billy Eko v. U.S, 8F (2nd cir. 1993).

Where the defendant is [pro-se] and the defendants protection in the [court of law] among others are [universal declaration of human rights] of U.S and N.C constitutions.

"Relief Sought"

1) Appoint counsel to advise and represent defendant in this, and any other proceedings, pursuant to § N.C.G.S.§ 15A-1420(d)(4); 15A-1421; 7A-450-51;

2) Grant defendant an evidentiary hearing on all the factual issues on the merits herein and above, pursuant to N.C.G.S.§ 15A-1420(c)(1) and (4)(e);

3) Any other relief this court may deem appropriate for defendant.

Sincerely

Roby L. Pegram

Roby L. Pegram

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
COUNTY OF FORSYTH                SUPERIOR COURT DIVISION

## "AFFIDAVIT"

THE UNDERSIGNED DEFENDANT PRO-SE, HAVING FIRST-HAND KNOWLEDGE OF ALL FACTS, DEPOSE AND SAY, UNDER PENALTY OF PERJURY THAT ALL INFORMATION CONTAINED IN THIS MOTION FOR APPROPRIATE RELIEF IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE:

1) DEFENDANT IS CURRENTLY INCARCERATED AT MARION CORRECTIONAL INSTITUTION OBLIGATED TO SERVE A SENTENCE OF 269-332 MONTHS;

2) DEFENDANT IS INCLUDING 1 PAGE TO BE HIS AFFIDAVIT AND INCORPORATED HEREIN AS A REFERENCE.

RESPECTFULLY SUBMITTED THIS 17 DAY OF JULY 2014.

Sworn to and Subscribed before me
this 17 day of July , 20 14
Witness my hand and official seal.
Amy Ward ___ Notary Public
My Commission Expires 5/3/17

AMY WARD
Notary Public, North Carolina
McDowell County
My Commission Expires
May 03, 2017

Roby L. Pegram
ROBY L. PEGRAM

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
COUNTY OF FORSYTH               DIVISION OF SUPERIOR COURT

## "VERIFICATION"

THE UNDERSIGNED DEFENDANT PRO-SE BEING FIRST DULY SWORN, DEPOSE AND I AM COMPETENT TO TESTIFY AND ALL FACTS STATED IN THIS MOTION FOR APPROPRIATE RELIEF IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, EXCEPT TO THOSE MATTERS STATED "UPON INFORMATION" RESPECTFULLY SUBMITTED THIS 17 DAY OF July    2014.

Sworn to and Subscribed before me
this 17 day of July , 2014
Witness my hand and official seal.
Amy Ward    Notary Public
My Commission Expires 5/3/17

AMY WARD
Notary Public, North Carolina
McDowell County
My Commission Expires
May 03, 2017

*Roby L. Pegram*
ROBY L. PEGRAM

*Notary Public*

## "CERTIFICATE OF SERVICE"

THIS IS TO CERTIFY THAT THIS MOTION FOR APPROPRIATE RELIEF HAS BEEN DULY SERVED UPON THE FOLLOWING BY PLACING A COPY OF SAME IN THE UNITED STATES MAIL, POSTAGE PREPAID, AND PROPERLY ADDRESSED AS FOLLOWS:

1) HONORABLE COURT CLERK        2) DISTRICT ATTORNEYS OFFICE
   SUPERIOR COURT DIVISION          % HONORABLE COURT CLERK
   COUNTY OF FORSYTH                COUNTY OF FORSYTH
   P O BOX 20099                    PO BOX 20099
   WINSTON-SALEM, NC 27120          WINSTON SALEM, NC 27120

EXECUTED THIS 17 DAY OF JULY    2014.

*Roby L. Pegram*
ROBY L. PEGRAM

- 9 -

*EXHIBIT A*

82

# STATE OF NORTH CAROLINA
### In the General Court of Justice
#### Superior Court Division

Forsyth County

File No. 00CRS 52239

Film No.

STATE OF NORTH CAROLINA VERSUS

Defendant
**Roby Lee Pegram**

| Date of Offense | Offense in Violation of G.S. |
| --- | --- |
| 06/17/00 | § 14-27.7(a)(1) |

# INDICTMENT
STATUTORY SEXUAL OFFENSE OF A
PERSON AGE 13, 14, OR 15

The jurors for the State upon their oath present that on or about the date of offense shown and in Forsyth County the defendant named above unlawfully, willfully and feloniously did engage in a sex offense with Brandon Dwayne Hemric, a person of the age of 13 years. At the time of the offense, the defendant was at least six years older than the victim and was not lawfully married to the victim.

Signature of Prosecutor

### WITNESSES

| | | |
| --- | --- | --- |
| ☐ K.S. Boyd, FCSO | ☐ | |
| ☑ J. Ruel, FCSO | ☐ | |
| ☐ | ☐ | |

The witnesses marked "X" were sworn by the undersigned Foreman of the Grand Jury and, after hearing testimony, this bill was found to be:

☑ A TRUE BILL by twelve or more grand jurors, and I the undersigned Foreman of the Grand Jury, attest the concurrence of twelve or more grand jurors in the Bill of Indictment.

☐ NOT A TRUE BILL

Date: 10/9/00

Signature of Grand Jury Foreman

AOC-CR-149
Rev. 5/91

EXHIBIT C

81

# STATE OF NORTH CAROLINA
### In the General Court of Justice
### Superior Court Division

Forsyth County

File No: 00CRS 52240

Film No.

STATE OF NORTH CAROLINA VERSUS

Defendant
**Roby Lee Pegram**

| Date of Offense | Offense in Violation of G.S. |
|---|---|
| 06/13/00 | § 14-27.7(a)(1) |

**INDICTMENT**
STATUTORY SEXUAL OFFENSE OF A
PERSON AGE 13, 14, OR 15

The jurors for the State upon their oath present that on or about the date of offense shown and in Forsyth County the defendant named above unlawfully, willfully and feloniously did engage in a sex offense with Brandon Dwayne Hemric, a person of the age of 13 years. At the time of the offense, the defendant was at least six years older than the victim and was not lawfully married to the victim.

Signature of Prosecutor

**WITNESSES**

| | |
|---|---|
| ☐ K.S. Boyd, FCSO | ☐ |
| ✓ J. Reich, FCSO | ☐ |
| ☐ | ☐ |
| ☐ | ☐ |

The witnesses marked "X" were sworn by the undersigned Foreman of the Grand Jury and, after hearing testimony, this bill was found to be:

☑ A TRUE BILL by twelve or more grand jurors, and I the undersigned Foreman of the Grand Jury, attest the concurrence of twelve or more grand jurors in the Bill of Indictment.

☐ NOT A TRUE BILL

| Date | Signature of Grand Jury Foreman |
|---|---|
| 10/9/00 | |

AOC-CR-149
Rev 8/91

EXHIBIT E                                                          80

# STATE OF NORTH CAROLINA

In the General Court of Justice
Superior Court Division

File No. 00CRS 52241

Film No. _____

Forsyth County

### STATE OF NORTH CAROLINA VERSUS

Defendant
**Roby Lee Pegram**

| Date of Offense | Offense in Violation of G.S. |
|---|---|
| 06/11/00 | § 14-27.7(a)(1) |

## INDICTMENT

STATUTORY SEXUAL OFFENSE OF A
PERSON AGE 13, 14, OR 15

The jurors for the State upon their oath present that on or about the date of offense shown and in Forsyth County the defendant named above unlawfully, willfully and feloniously did engage in a sex offense with Brandon Dwayne Hemric, a person of the age of 13 years. At the time of the offense, the defendant was at least six years older than the victim and was not lawfully married to the victim.

Signature of Prosecutor

### WITNESSES

| | | | |
|---|---|---|---|
| ☐ | K.S. Boyd, FCSO | ☐ | |
| ☑ | J. Reich, FCSO | ☐ | |
| ☐ | | ☐ | |
| ☐ | | ☐ | |

The witnesses marked "X" were sworn by the undersigned Foreman of the Grand Jury and, after hearing testimony, this bill was found to be:

☑ **A TRUE BILL** by twelve or more grand jurors, and I the undersigned Foreman of the Grand Jury, attest the concurrence of twelve or more grand jurors in the Bill of Indictment.

☐ **NOT A TRUE BILL**

Date
10/9/00

Signature of Grand Jury Foreman

AOC-CR-149
Rev. 5/91

**STATE OF NORTH CAROLINA**
In the General Court of Justice
Superior Court Division

Forsyth County

File No. 00CRS 52242

Film No.

STATE OF NORTH CAROLINA VERSUS

Defendant
**Roby Lee Pegram**

| Date of Offense | Offense in Violation of G.S. |
|---|---|
| 06/10/00 | § 14-27.7(a)(1) |

**INDICTMENT**
**STATUTORY SEXUAL OFFENSE OF A**
**PERSON AGE 13, 14, OR 15**

The jurors for the State upon their oath present that on or about the date of offense shown and in Forsyth County the defendant named above unlawfully, willfully and feloniously did engage in a sex offense with Brandon Dwayne Hemric, a person of the age of 13 years. At the time of the offense, the defendant was at least six years older than the victim and was not lawfully married to the victim.

*Signature of Prosecutor*

**WITNESSES**

☐ K.S. Boyd, FCSO          ☐
☒ J. Reich, FCSO           ☐
☐                          ☐

The witnesses marked "X" were sworn by the undersigned Foreman of the Grand Jury and, after hearing testimony, this bill was found to be:

☒ A TRUE BILL by twelve or more grand jurors, and I the undersigned Foreman of the Grand Jury, attest the concurrence of twelve or more grand jurors in the Bill of Indictment.

☐ NOT A TRUE BILL

| Date | Signature of Grand Jury Foreman |
|---|---|
| 10/9/00 | |

AOC-CR-149
Rev. 3/91

EXHIBIT I

78

# STATE OF NORTH CAROLINA

In the General Court of Justice
Superior Court Division

Forsyth County

File No. 00CRS 52243

Film No.

### STATE OF NORTH CAROLINA VERSUS

Defendant
Roby Lee Pegram

| Date of Offense | Offense in Violation of G.S. |
|---|---|
| 06/05/00 | § 14-27.7(a)(1) |

### INDICTMENT
STATUTORY SEXUAL OFFENSE OF A
PERSON AGE 13, 14, OR 15

The jurors for the State upon their oath present that on or about the date of offense shown and in Forsyth County the defendant named above unlawfully, willfully and feloniously did engage in a sex offense with Brandon Dwayne Hemric, a person of the age of 13 years. At the time of the offense, the defendant was at least six years older than the victim and was not lawfully married to the victim.

Signature of Prosecutor

**WITNESSES**

| ☐ K.S. Boyd, FCSO | ☐ |
| ☑ J. Reich, FCSO | ☐ |
| ☐ | ☐ |
| ☐ | ☐ |

The witnesses marked "X" were sworn by the undersigned Foreman of the Grand Jury and, after hearing testimony, this bill was found to be:

☑ A TRUE BILL by twelve or more grand jurors, and I the undersigned Foreman of the Grand Jury, attest the concurrence of twelve or more grand jurors in the Bill of Indictment.

☐ NOT A TRUE BILL

Date
10/9/00

Signature of Grand Jury Foreman

AOC-CR-119
Rev. 3/91

# STATE OF NORTH CAROLINA

No. 00CRS052239    51

FORSYTH    County    WINSTON-SALEM    Seat of Court

NOTE: [This form is to be used for (1) felony sentence(s), and (2) misdemeanor offense(s), which are consolidated for judgment with one felony offense(s). Use AOC-CR-301 on DWI offenses.]

In The General Court Of Justice
☐ District ☒ Superior Court Division

**STATE VERSUS**

Name Of Defendant
PEGRAM, ROBY LEE

| Race | Sex | DOB |
|------|-----|-----|
| W | M | |

**JUDGMENT AND COMMITMENT
ACTIVE PUNISHMENT
FELONY
(STRUCTURED SENTENCING)**

G.S. 15A-1301, 15A-1340 18

Attorney For State
HARDING, BEIRNE, MINOR

☐ Def. Found ☐ Def. Waived
Not Indigent   Attorney

Attorney For Defendant
D. FREEDMAN

☐ Appointed ☒ Retained

The defendant ☒ pled guilty to; ☐ was found guilty by a jury of; ☐ pled no contest to;

| File No. (s) | Off. | Offense Description | Offense Date | G.S. No. | F/M | Cl | PC |
|---|---|---|---|---|---|---|---|
| 00CRS052239 | 51 | STAT RAPE/SEX OFFN DEF > ≥6YR | 6/17/2000 | 14-27.7A(A) | F | B1 | |

*NOTE: Enter punishment class if different from underlying felony class (punishment class represents a status or enhancement).

**The Court:**
☒ 1. has determined, pursuant to G.S. 15A-1340.14, the prior record points of the defendant to be _7_.   PRIOR ☐ I ☒ II ☐ III
☐ 2. makes no prior record level finding because none is required for Class A felony, violent habitual felon, or drug trafficking RECORD LEVEL ☐ IV ☐ V ☐ VI
offenses.

**The Court:** (NOTE: Block 1 or 2 MUST be checked.):
☒ 1. makes no written findings because the prison term imposed is: ☒ (a) within the presumptive range of sentences
under G.S. 15A-1340.17(c). ☐ (b) for a Class A felony. ☐ (c) for an adjudication as a violent habitual felon, G.S. 14-7.12.
☐ (d) for drug trafficking offenses.
☐ 2. makes the Findings of Aggravating and Mitigating Factors set forth on the attached AOC-CR-605.
☐ 3. imposes the prison term pursuant to a plea arrangement as to sentence under Article 58 of G.S. Chapter 15A.
☐ 4. finds the defendant has provided substantial assistance pursuant to G.S. 90-95(h)(5).
☐ 5. adjudges the defendant to be an habitual felon to be sentenced as a Class C felon pursuant to Article 2A of G.S. Chapter 14.
☐ 6. finds enhanced punishment from a Class A1 or Class 1 misdemeanor to a Class I felony ☐ G.S. 90-95(e)(3) (drugs).
☐ G.S. 14-3(c) (hate crime).
☐ 7. finds no Extraordinary Mitigation.
☒ 8. finds the above designated offense(s) is a reportable conviction involving a minor, G.S. 14-208.6.
☐ 9. finds the defendant is classified as a sexually violent predator, G.S. 14-208.20.
☐ 10. finds that the defendant used, displayed, or attempted to use or display a firearm at the time of the felony and, pursuant
to G.S. 15A-1340.16A, has increased the minimum term of imprisonment to which the defendant would otherwise be
sentenced by sixty (60) months.

The Court, having considered evidence, arguments of counsel and statement of defendant, finds that the defendant's plea was
freely, voluntarily and understandingly entered, and Orders the above offenses be consolidated for judgment and the defendant
be imprisoned

| for a minimum term of: | for a maximum term of: | in the custody of: |
|---|---|---|
| _269_ months | _332_ months | ☒ N.C. DOC. |
| ☐ Class A Felony: *Life Imprisonment Without Parole* | ☐ Class A Felony: *Death (see attached Death Warrant and Certificates)* | ☐ Sheriff pursuant to G.S. 15A-1352(b) |
| ☐ Class B1 Felony: *Life Imprisonment Without Parole* | | ☐ Other |
| ☐ Violent Habitual Felon: *Life Imprisonment Without Parole* | | |

The defendant shall be given credit for _53_ days spent in confinement prior to the date of this Judgment as a result of this charge(s).
☐ The sentence imposed above shall begin at the expiration of all sentences which the defendant is presently obligated to serve.
☐ The sentence imposed above shall begin at the expiration of the sentence imposed in the case referenced below.
(NOTE: List the case number, date, county and court in which prior sentence imposed.)

| File Number | Offense | County | Court | Date |
|---|---|---|---|---|

AOC-CR-601, Rev. 3/2000
© 2000 Administrative Office of the Courts

Material opposite unmarked squares is to be disregarded as surplusage.
(Over)

EXHIBIT D

# STATE OF NORTH CAROLINA

No. 00CRS052240    51

FORSYTH    County    WINSTON-SALEM    Seal of Court

NOTE: [This form is to be used for (1) felony offense(s) and (2) misdemeanor offense(s), which are consolidated for judgment with any felony offense(s). Use AOC-CR-501 on DWI offense(s).]

In The General Court Of Justice
District ☐    Superior Court Division

## STATE VERSUS

Name Of Defendant
PEGRAM,ROBY,LEE

## JUDGMENT AND COMMITMENT
## ACTIVE PUNISHMENT
## FELONY
(STRUCTURED SENTENCING)    G.S. 15A-1201, 15A-1340.13

| Race | Sex | DOB |
|------|-----|-----|
| W | M | |

Attorney For State
HARDING,BEIRNE,MINOR

☐ Def. Found   ☐ Def. Waived   Attorney For Defendant
☐ Not Indigent   ☐ Attorney   D.FREEDMAN

☐ Appointed   ☒ Retained

The defendant ☒ pled guilty to:   ☐ was found guilty by a jury of:   ☐ pled no contest to:

| File No.(s) | Off. | Offense Description | Offense Date | G.S. No. | F/M | CL. | *Pun. Cl. |
|-------------|------|---------------------|--------------|----------|-----|-----|-----------|
| 00CRS052240 | 51 | STAT RAPE/SEX OFFN DEF > =6YR | 6/13/2000 | 14-27.7A(A) | F | RI | |

*NOTE: Enter punishment class if different from underlying felony class (punishment class represents a status or enhancement).

The Court:
☒ 1. has determined, pursuant to G.S. 15A-1340.14, the prior record points of the defendant to be ___ .   PRIOR   RECORD LEVEL: ☐ I ☐ III ☐ V
☐ 2. makes no prior record level finding because none is required for Class A felony, violent habitual felon, or drug trafficking offenses.   ☐ II ☐ IV ☐ VI

The Court:   NOTE: Block 1 or 3 MUST be checked.]
☒ 1. makes no written findings because the prison term imposed is: ☒ (a) within the presumptive range of sentences under G.S. 15A-1340.17(c).   ☐ (b) for a Class A felony.   ☐ (c) for an adjudication as a violent habitual felon. G.S. 14-7.12.   ☐ (d) for drug trafficking offenses.
☐ 2. makes the Findings of Aggravating and Mitigating Factors set forth on the attached AOC-CR-605.
☐ 3. imposes the prison term pursuant to a plea arrangement as to sentence under Article 58 of G.S. Chapter 15A.
☐ 4. finds the defendant has provided substantial assistance pursuant to G.S. 90-95(h)(5).
☐ 5. adjudges the defendant to be an habitual felon to be sentenced as a Class C felon pursuant to Article 2A of G.S. Chapter 14.
☐ 6. finds enhanced punishment from a Class A1 or Class 1 misdemeanor to a Class I felony. ☐ G.S. 90-95(e)(3) (drugs). G.S. 14-3(c) (hate crime).
☐ 7. finds no Extraordinary Mitigation.
☐ 8. finds the above designated offense(s) is a reportable conviction involving a minor. G.S. 14-208.6.
☐ 9. finds the defendant is classified as a sexually violent predator. G.S. 14-208.20.
☐ 10. finds that the defendant used, displayed, or attempted to use or display a firearm at the time of the felony and , pursuant to G.S. 15A-1340.16A, has increased the minimum term of imprisonment to which the defendant would otherwise be sentenced by sixty (60) months.

The Court, having considered evidence, arguments of counsel and statement of defendant, finds that the defendant's plea was freely, voluntarily, and understandingly entered, and Orders the above offenses be consolidated for judgment and the defendant be imprisoned for a minimum term of:

| | months | for a maximum term of: | | months | in the custody of: |
|---|---|---|---|---|---|
| ☐ Class A Felony: | 269 | ☐ Life Imprisonment Without Parole | 332 | ☐ Death [see attached Death Warrant and Certificates] | ☒ N.C. DOC. |
| ☐ Class B1 Felony: | | Life Imprisonment Without Parole | | | ☐ Sheriff pursuant to G.S. 15A-1352(b). |
| ☐ Violent Habitual Felon: | | Life Imprisonment Without Parole | | | ☐ Other |

The defendant shall be given credit for   53   days spent in confinement prior to the date of this Judgment as a result of this charge(s).

☐ The sentence imposed above shall begin at the expiration of all sentences which the defendant is presently obligated to serve.
☐ The sentence imposed above shall begin at the expiration of the sentence imposed in the case referenced below:
NOTE: List the case number, date, county and court in which prior sentence imposed.]

| File Number | Offense | County | Court | Date |
|-------------|---------|--------|-------|------|
| | | | | |

AOC-CR-601 Rev. 2/2000
©2000 Administrative Office of the Courts

Material opposite unmarked squares is to be disregarded as surplusage.
(Over)

EXHIBIT F

# STATE OF NORTH CAROLINA

No. **00CRS052241** **51**

FORSYTH County WINSTON-SALEM Seat of Court

NOTE: [This form is to be used for (1) felony offense(s), and (2) misdemeanor offense(s), which be consolidated for judgment with any felony offense(s). Use AOC-CR-301 on DWI offense(s).]

In The General Court Of Justice
☐ District ☒ Superior Court Division

Name Of Defendant
**PEGRAM, ROBY, LEE**

**STATE VERSUS**

**JUDGMENT AND COMMITMENT
ACTIVE PUNISHMENT
FELONY
(STRUCTURED SENTENCING)**

G.S. 15A-1301, 15A-1340.13

| Race | Sex | DOB |
|---|---|---|
| W | M | ~~~~~ |

Attorney For State
**HARDING, BEIRNE, MINOR**

☐ Def. Found
Not Indigent

☐ Def. Waived
Attorney

Attorney For Defendant
**D. FREEDMAN**

☐ Appointed ☒ Retained

The defendant ☒ pled guilty to: ☐ was found guilty by a jury of: ☐ pled no contest to:

| File No.(s) | Off. | Offense Description | Offense Date | G.S. No. | F/M | CL. | \*PUN CL |
|---|---|---|---|---|---|---|---|
| 00CRS052241 | 51 | STAT RAPE/SEX OFFEN DEF > =6YR | 6/11/2000 | 14-27.7A(A) | F | B1 | |

\*NOTE: Enter punishment class if different from underlying felony class (punishment class represents a status or enhancement).

**The Court:**

☒ 1. has determined, pursuant to G.S. 15A-1340.14, the prior record points of the defendant to be __7__. PRIOR ☐ I ☒ III ☐ IV
    2. makes no prior record level finding because none is required for Class A felony, violent habitual felon, or drug trafficking RECORD LEVEL: ☐ II ☐ IV ☐ VI offenses.

**The Court:** NOTE: Block 1 or 2 MUST be checked.):

☒ 1. makes no written findings because the prison term imposed is: ☒ (a) within the presumptive range of sentences under G.S. 15A-1340.17(c), ☐ (b) for a Class A felony, ☐ (c) for an adjudication as a violent habitual felon, G.S. 14-7.12 ☐ (d) for drug trafficking offenses.
    2. makes the Findings of Aggravating and Mitigating Factors set forth on the attached AOC-CR-605.
    3. imposes the prison term pursuant to a plea arrangement as to sentence under Article 58 of G.S. Chapter 15A.
    4. finds the defendant has provided substantial assistance pursuant to G.S. 90-95(h)(5).
    5. adjudges the defendant to be an habitual felon to be sentenced as a Class C felon pursuant to Article 2A of G.S. Chapter 14.
    6. finds enhanced punishment from a Class A1 or Class 1 misdemeanor to a Class I felony. ☐ G.S. 90-95(e)(3) (drugs). ☐ G.S. 14-3(c) (hate crime).
    7. finds no Extraordinary Mitigation.
    8. finds the above designated offense(s) is a reportable conviction involving a minor. G.S. 14-208.6.
    9. finds the defendant is classified as a sexually violent predator. G.S. 14-208.20.
   ☐ 10. finds that the defendant used, displayed, or attempted to use or display a firearm at the time of the felony and , pursuant to G.S. 15A-1340.16A, has increased the minimum term of imprisonment to which the defendant would otherwise be sentenced by sixty (60) months.

The Court, having considered evidence, arguments of counsel and statement of defendant, finds that the defendant's plea was freely, voluntarily, and understandingly entered, and Orders the above offenses be consolidated for judgment and the defendant be imprisoned.

| for a minimum term of: | | for a maximum term of: | | in the custody of: |
|---|---|---|---|---|
| **269** | months | **332** | months | ☒ N.C. DOC. |

☐ Class A Felony: ☐ Life Imprisonment Without Parole ☐ Death (see attached Death Warrant and Certificates) ☐ Sheriff pursuant to G.S. 15A-1352(b)
☐ Class B1 Felony: Life Imprisonment Without Parole ☐ Other
☐ Violent Habitual Felon: Life Imprisonment Without Parole

The defendant shall be given credit for __53__ days spent in confinement prior to the date of this Judgment as a result of this charge(s).

☐ The sentence imposed above shall begin at the expiration of all sentences which the defendant is presently obligated to serve.
☐ The sentence imposed above shall begin at the expiration of the sentence imposed in the case referenced below.
(NOTE: List the case number, date, county and court in which prior sentence imposed.)

| File Number | Offense | County | Court | Date |
|---|---|---|---|---|
| | | | | |

AOC-CR-601 Rev. 2/2000
© 2000 Administrative Office of the Courts

Material opposite unmarked squares is to be disregarded as surplusage.
(Over)

EXHIBIT G H

# STATE OF NORTH CAROLINA

No. _____ 00CR8052242 51

FORSYTH County WINSTON-SALEM Seat of Court

NOTE: (This form is to be used for (1) felony offense(s) and (2) misdemeanor offense(s) which are consolidated for judgment with any felony offense(s). Use AOC-CR 301 on DWI offense(s).)

## STATE VERSUS

Name Of Defendant
PEGRAM,ROBY,LEE

| Race | | Sex | | DOB | |
|------|--|-----|--|-----|--|
| W | | M | | ~~_____~~ | |

Attorney For State
HARDING,BEIRNE,MINOR

Def. Found ☐ Not Indigent   Def. Waived ☐

Attorney For Defendant
D.FREEDMAN

☐ Appointed  ☒ Retained

In The General Court Of Justice
☐ District ☒ Superior Court Division

### JUDGMENT AND COMMITMENT
### ACTIVE PUNISHMENT
### FELONY
### (STRUCTURED SENTENCING)
G.S. 15A-1301, 15A-1340.13

The defendant ☒ pled guilty to: ☐ was found guilty by a jury of: ☐ pled no contest to:

| File No.(s) | Off. | Offense Description | Offense Date | G.S. No. | F/M | CL. |
|-------------|------|--------------------|--------------|----------|----|----|
| 00CRS052242 | 51 | STAT RAPE/SEX OFFN DEF > =6YR | 6/10/2000 | 14-27.7A(A) | F | B1 |

*NOTE: Enter punishment class if different from underlying felony class (punishment class represents a status or enhancement).

**The Court:**
☒ 1. has determined, pursuant to G.S. 15A-1340.14, the prior record points of the defendant to be __7__. PRIOR RECORD LEVEL ☐ I ☒ II ☐ III ☐ IV ☐ V ☐ VI
☐ 2. makes no prior record level finding because none is required for Class A felony, violent habitual felon, or drug trafficking offenses.

**The Court:** (NOTE: Block 1 or 2 MUST be checked.)
☒ 1. makes no written findings because the prison term imposed is: ☐ (a) within the presumptive range of sentences under G.S. 15A-1340.17(c). ☐ (b) for a Class A felony. ☐ (c) for an adjudication as a violent habitual felon. G.S. 14-7.12. ☐ (d) for drug trafficking offenses.
☐ 2. makes the Findings of Aggravating and Mitigating Factors set forth on the attached AOC-CR-605.
☐ 3. imposes the prison term pursuant to a plea arrangement as to sentence under Article 58 of G.S. Chapter 15A.
☐ 4. finds the defendant has provided substantial assistance pursuant to G.S. 90-95(h)(5).
☐ 5. adjudges the defendant to be an habitual felon to be sentenced as a Class C felon pursuant to Article 2A of G.S. Chapter 14.
☐ 6. finds enhanced punishment from a Class A1 or Class 1 misdemeanor to a Class I felony. ☐ G.S. 90-95(e)(3) (drugs).
G.S. 14-3(c) (hate crime).
☐ 7. finds no Extraordinary Mitigation.
☐ 8. finds the above designated offense(s) is a reportable conviction involving a minor. G.S. 14-208.6.
☐ 9. finds the defendant is classified as a sexually violent predator. G.S. 14-208.20.
☐ 10. finds that the defendant used, displayed, or attempted to use or display a firearm at the time of the felony and, pursuant to G.S. 15A-1340.16A, has increased the minimum term of imprisonment to which the defendant would otherwise be sentenced by sixty (60) months.

The Court, having considered evidence, arguments of counsel and statement of defendant, finds that the defendant's plea was freely, voluntarily, and understandingly entered, and Orders the above offenses be consolidated for judgment and the defendant be imprisoned.

| for a minimum term of: | for a maximum term of: | in the custody of: |
|------------------------|------------------------|---------------------|
| **269** months | **332** months | |
| ☐ Class A Felony: Life Imprisonment Without Parole | ☐ Death (see attached Death Warrant and Certificates) | ☒ N.C. DOC. |
| ☐ Class B1 Felony: Life Imprisonment Without Parole | | ☐ Sheriff pursuant to G.S. 15A-1352(b). |
| Violent Habitual Felon: Life Imprisonment Without Parole | | ☐ Other: |

The defendant shall be given credit for **53** days spent in confinement prior to the date of this Judgment as a result of this charge(s).
☐ The sentence imposed above shall begin at the expiration of all sentences which the defendant is presently obligated to serve.
☐ The sentence imposed above shall begin at the expiration of the sentence imposed in the case referenced below:
(NOTE: List the case number, date, county and court in which prior sentence imposed.)

| File Number | Offense | County | Court | Date |
|-------------|---------|--------|-------|------|
| | | | | |

# STATE OF NORTH CAROLINA

**FORSYTH** County **WINSTON-SALEM** Seat of Court

No. | 00CRS052243 | 51

NOTE: (This form is to be used for (1) felony offense(s) and (2) misdemeanor offense(s), which are consolidated for judgment with any felony offense(s). Use AOC-CR-301 for DWI offense(s).)

## STATE VERSUS

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name Of Defendant**
PEGRAM,ROBY,LEE

**JUDGMENT AND COMMITMENT
ACTIVE PUNISHMENT
FELONY**
(STRUCTURED SENTENCING)
G.S. 15A-1301, 15A 1340.13

| Race | Sex | DOB |
|------|-----|-----|
| W | M | ▬▬▬ |

**Attorney For State**
HARDING,BEIRNE,MINOR

☐ Def. Found
Not Indigent
☐ Def. Waived
Attorney

**Attorney For Defendant**
D. FREEDMAN

☐ Appointed ☒ Retained

The defendant [X] pled guilty to: [ ] was found guilty by a jury of: [ ] pled no contest to:

| File No.(s) | Off. | Offense Description | Offense Date | G.S. No. | F/M | CL. |
|-------------|------|---------------------|--------------|----------|-----|-----|
| 00CRS052243 | 51 | STAT RAPE/SEX OFFN DEF > 6YR | 6/5/2000 | 14-27.7A(A) | F | B1 |

*NOTE: Enter punishment class if different from underlying felony class (punishment class represents a status or enhancement).

**The Court:**
[X] 1. has determined, pursuant to G.B. 15A-1340.14, the prior record points of the defendant to be __7__.
PRIOR RECORD LEVEL: [ ] I [X] III [ ] V / [ ] II [ ] IV [ ] VI
[ ] 2. makes no prior record level finding because none is required for Class A felony, violent habitual felon, or drug trafficking offenses.

**The Court:** NOTE: Block 1 or 2 MUST be checked.
[X] 1. makes no written findings because the prison term imposed is: [X](a) within the presumptive range of sentences under G.S. 15A-1340.17(c). [ ](b) for a Class A felony. [ ] (c) for an adjudication as a violent habitual felon. G.S. 14-7.12. [ ](d) for drug trafficking offenses.
[ ] 2. makes the Findings of Aggravating and Mitigating Factors set forth on the attached AOC-CR-605.
[ ] 3. imposes the prison term pursuant to a plea arrangement as to sentence under Article 58 of G.S. Chapter 15A.
[ ] 4. finds the defendant has provided substantial assistance pursuant to G.S. 90-95(h)(5).
[ ] 5. adjudges the defendant to be an habitual felon to be sentenced as a Class C felon pursuant to Article 2A of G.S. Chapter 14.
[ ] 6. finds enhanced punishment from a Class A1 or Class 1 misdemeanor to a Class I felony. [ ] G.S. 90-95(e)(3) (drugs). G.S. 14-3(c) (hate crime).
[ ] 7. finds no Extraordinary Mitigation.
[ ] 8. finds the above designated offense(s) is a reportable conviction involving a minor. G.S. 14-208.6.
[ ] 9. finds the defendant is classified as a sexually violent predator. G.S. 14-208.20.
[ ] 10. finds that the defendant used, displayed, or attempted to use or display a firearm at the time of the felony and, pursuant to G.S. 15A-1340.16A, has increased the minimum term of imprisonment to which the defendant would otherwise be sentenced by sixty (60) months.

The Court, having considered evidence, arguments of counsel and statement of defendant, finds that the defendant's plea was freely, voluntarily, and understandingly entered, and Orders the above offenses be consolidated for judgment and the defendant be imprisoned.

| for a minimum term of: | for a maximum term of: | In the custody of: |
|---|---|---|
| 269 months | 332 months | |
| [ ] Class A Felony: *Life Imprisonment Without Parole* | [ ] Death (see attached Death Warrant and Certificate) | [X] N.C. DOC. |
| [ ] Class B1 Felony: *Life Imprisonment Without Parole* | | [ ] Sheriff pursuant to G.B. 15A-1362(b) |
| [ ] Violent Habitual Felon: *Life Imprisonment Without Parole* | | [ ] Other _____ |

The defendant shall be given credit for __53__ days spent in confinement prior to the date of this Judgment as a result of this charge(s).

[ ] The sentence imposed above shall begin at the expiration of all sentences which the defendant is presently obligated to serve.
[ ] The sentence imposed above shall begin at the expiration of the sentence imposed in the case referenced below.
NOTE: List the case number, date, county and court in which prior sentence imposed.

| File Number | Offense | County | Court | |
|---|---|---|---|---|
| | | | | |

AOC-CR-601 Rev. 3/2000
© 2000 Administrative Office of the Courts

Material appearing unmarked on this is to be disregarded as surplusage.
(Over)