IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBY LEE PEGRAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15CV96 |
| | ) | |
| KEITH WHITENER, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Respondent has filed an Initial Answer (Docket Entry 3) and Motion to Dismiss (Docket Entry 4). Petitioner, in turn, filed a Response (Docket Entry 7) to Respondent's Motion to Dismiss. This matter is now prepared for a ruling.

## Background

On August 13, 2001, Petitioner was convicted in Forsyth County, Superior Court after pleading guilty to five counts of statutory sex offense, one count of indecent liberties with a child, and simple assault, and was sentenced to 269-332 months of imprisonment. (Docket Entry 1, §§ 1-6; Docket Entry 5, Exs. 1 and 2.) Petitioner did not appeal. (Docket Entry 1, § 8.) On July 17, 2014, Petitioner filed a Motion for Appropriate Relief ("MAR") in Superior Court, Forsyth County (Docket Entry 5, Ex. 3.), which was denied on November 12, 2014 (*Id.* at Ex. 4). On December 8, 2014, Petitioner filed a petition for writ of certiorari

in the North Carolina Court of Appeals, which was denied on December 18, 2014. (*Id.* at Exs. 5, 7.) Finally, Petitioner dated the instant Petition January 15, 2015 and filed it on January 28, 2015. (Docket Entry 1.)

## Petitioner's Claims

Petitioner contends: (1) his indictments are jurisdictionally defective; (2) his right of due process was violated and his guilty plea was unknowing, unintelligent and involuntary, because of the defective indictments; and (3) he received ineffective assistance of counsel because his lawyer allowed him to sign a plea based on the defective indictments. (Docket Entry 1, § 12.)

## Discussion

Respondent requests dismissal on the ground that the Petition was filed beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). (Docket Entry 4.) In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period *begins to run from* the latest of several potential starting dates:
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

2

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added). The record does not reveal any basis for concluding that subparagraphs (B)-(D) of § 2244(d)(1) apply here.

Under subparagraph (A), Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court must therefore ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended. Petitioner's criminal State court judgment was entered on August 13, 2001. (Docket Entry 5, Exs. 1 and 2.) Petitioner did not pursue a direct appeal with the North Carolina Court of Appeals. (Docket Entry 1, § 8.) Petitioner's conviction thus became final, at the latest, ten days later on August 23, 2001. *See* 28 U.S.C. § 2244(d)(1)(A) (providing that a conviction is final "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *see also* N.C. R. App. P. 4(a) (10 days to serve notice of appeal, amended effective October 18, 2001 to allow 14 days). Therefore, Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) commenced on August 23, 2001, and expired 365 days later on August 23, 2002. Petitioner dated the instant Petition January 15, 2015 and filed it in this Court on January 28, 2015. (Docket Entry 1.) It is more than twelve years late.

It is true that Petitioner did make certain State collateral filings, which generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from

3

initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). Yet, Petitioner did not make any collateral filings in the State courts until July 2014, a number of years after the limitations period on filing a federal habeas petition expired. State filings after this limitations period passes do not restart the filing period. *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000).

In summary, Petitioner's statute of limitation began to run on August 23, 2001, and expired one year later on August 23, 2002. His State post-convictions proceedings did not entitle him to statutory tolling because they were filed and resolved after the duration of the limitations period. Petitioner did not submit the instant Petition until at the earliest January 15, 2015 over twelve years after the expiration of the federal habeas deadline. Petitioner does not dispute the foregoing time-line, does not explain why his Petition was filed more than one-year after his conviction became final, does not invoke (or appear to be entitled to) statutory or equitable tolling, and does not contend that he is actually innocent of the crimes for which he was convicted. (Docket Entry 1, § 18.) At best Petitioner contends that his Petition is timely because it has merit (Docket Entry 7); however, the potential merits of a claim generally do not affect the timeliness analysis. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003). His Petition is time-barred.[1]

---

[1] In Petitioner's request for relief, he asks for the appointment of counsel. (Docket Entry 1 at 9.) However, he has not shown good cause for any such appointment, and none is apparent, given that this Petition is time-barred, and the request is therefore denied. He also requests an evidentiary hearing (*id.*), however, no hearing is warranted in this case, which is clearly time-barred.

4

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 4) be **GRANTED**, that the Petition (Docket Entry 1) be **DISMISSED**, and that Judgment be entered dismissing this action.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

August 6, 2015
Durham, North Carolina